**Law Office of**
**CULLAN & CULLAN**
**20830 North Tatum Blvd., Suite 360**
**Phoenix, Arizona 85050-7268**
**(602) 200-9999**
**Fax (480)264-6658**
**gc@cullan.law**

Gene M. Cullan (Bar #012991)
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| K.P., by and through her Next Friend and Natural Father Piyushkumar Patel; Piyushkumar Patel and Dipikaben Piyushkumar Patel,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>The United States of America,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**(Tort – Medical Negligence)** |

**COME NOW**, the Plaintiffs, K.P., by and through her Next Friend and Natural Father Piyushkumar Patel; Piyushkumar Patel and Dipikaben Piyushkumar Patel by and through their attorney of record, GENE M. CULLAN, and allege as follows:

**COUNT I: MEDICAL NEGLIGENCE (Minor's Claim)**

For her Count I claim against Defendant The United States of America, K.P. a minor, by and through her Next Friend and Natural Father Piyushkumar Patel, and by through her counsel, alleges:

1. Plaintiff K.P. is a minor under the age of three who was born in the United States and is therefore a citizen of the United States. She currently resides with her natural parents, Piyushkumar Patel and Dipikaben Piyushkumar Patel ("Mr. and Mrs. Patel"), in Long Beach, Los Angeles County, California.

2. Plaintiffs Mr. and Mrs. Patel are citizens of India, a foreign state, and currently reside with their daughter, K.P., in Long Beach, Los Angeles County, California.

3. Defendant is The United States of America ("the United States").

4. This Court has jurisdiction over the parties and the claims, as will be set out more fully below.

5. Mr. Patel is the natural father of K.P., and brings this suit in both his representative capacity, as Next Friend of K.P., and in his separate individual capacity.

6. Mrs. Patel is the natural mother of K.P. and brings this suit in her individual capacity.

7. At all times material hereto, Jonathan Randall Willms, D.O., was a physician licensed under the laws of the State of Arizona, and was actively practicing his profession in Pinal County, including but not limited to providing obstetrics and gynecology services to members of the general public, including but not limited to Mrs. Patel and K.P.

8. At all times material hereto, Sun Life Family Health Center, Inc., ("Sun Life") was an Arizona non-profit corporation, and was engaged in the business, in whole or in part, of providing obstetrics and gynecology services to the public, including but not limited to Mrs. Patel and K.P.

9. At all times material hereto, Dr. Willms was an agent, servant, employee, and/or an apparent or ostensible agent of Sun Life, acting in the course and scope of his employment or other business relationship with Sun Life.

10. On or before September 13, 2017, Dr. Willms provided health care services to Mrs. Patel and the then-unborn K.P., thereby establishing a physician-patient relationship between Dr. Willms and Mrs. Patel, and between Dr. Willms and K.P..

11. On September 13, 2017, at approximately 4:55 a.m., Mrs. Patel arrived at Banner Casa Grande Medical Center in active labor.

12. Mrs. Patel progressed quickly and by approximately 5:35 a.m. was at complete dilation.

13. Shortly thereafter the head was delivered, and Dr. Willms diagnosed a shoulder dystocia, with the left shoulder impacted behind the pubic bone.

14. The McRoberts maneuver was performed, with Mrs. Patel's legs placed in extreme flexion, followed by the application of suprapubic pressure.

15. Following an unsuccessful attempt to deliver the posterior arm, Dr. Willms rotated K.P. one hundred eighty degrees (180°) so that her right shoulder was behind the pubic symphysis. He then delivered the left shoulder.

16. The time interval between Dr. Willms' recognition of the impacted shoulder to K.P.'s delivery was approximately ninety (90) seconds.

17. As a result of the physician-patient relationship between Dr. Willms and both Mrs. Patel and K.P., Dr. Willms owed a duty to both Mrs. Patel and K.P. to exercise that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in his profession, acting in the same or similar circumstances.

18. Dr. Willms breached his respective duties to both Mrs. Patel and K.P. to exercise that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in his profession, acting in the same or similar circumstances because he negligently:

    a. Used inappropriate techniques in delivery after diagnosing a shoulder

dystocia;

b. Failed to perform a caesarean section so as to prevent the shoulder dystocia and brachial plexus injury, and

was otherwise negligent in a manner not presently known to K.P..

19. The above-described negligence of Dr. Willms directly caused or contributed to cause the following severe and permanent injuries to K.P.:

a. Decreased innervation to the left arm and left hand;

b. Decreased strength, stamina and movement of all muscle groups innervated by the seventh and eighth and first thoracic spinal cord nerve roots;

c. Muscle atrophy of the left upper extremity and left hand;

d. Impaired bone growth of bones in the left arm, forearm and hand;

e. Decreased sensation in the left arm and left hand;

f. Impaired proprioception;

g. Development of severe osteoarthritis with chronic pain in the left shoulder and arm;

h. Disfigurement with a left arm that will be smaller and shorter than the right arm;

i. Scapular winging;

j. Decreased bimanual dexterity;

k. Permanent physical disability;

l. Past and future physical pain and suffering;

m. Past and future emotional distress;

      n.      Past and future loss of enjoyment of life;

      o.      impaired earning capacity;

      p.      Past and future expenses for healthcare goods and services, the nature and extent of which are not presently known, and

other damages, the nature and extent of which are not presently known.

20. On September 11, 2019, Plaintiffs filed suit in the United States District Court for the District of Arizona against Dr. Willm, and against Sun Life, alleging Sun Life was vicariously liable for the above-described negligence of Dr. Willm. The suit was assigned Case No. 2:19-cv05139-MHB ("the first lawsuit").

21. The basis for this Court's jurisdiction in the first lawsuit was diversity of citizenship, as K.P. was a birthright citizen of the United States, residing in California at the time the first lawsuit was filed, and Mr. and Mrs. Patel were citizens of India, a foreign state, and residing with their daughter in California at that time.

22. On September 18, 2019, the Court notified Plaintiff's counsel that the civil cover sheet filed on September 11, 2019, had inadvertently included the minor's full name. The Court sealed "Document No. 1" (the original Complaint and all attachments) and required the re-filing of the Complaint, together with a redacted civil cover sheet. *Cf.*, Ex. 4, below. On September 19, 2019, Plaintiffs complied with that Order. *Id.* Since the original September 11, 2019, Complaint is sealed, a copy of the September 19, 2019, Complaint in the first lawsuit is attached hereto, marked as Exhibit 1 and incorporated by reference. The Court is requested to take judicial notice that the September 11, 2019 (Document No. 1) Complaint and the September 19, 2019 (Document No. 8) Complaint are identical.

23. On October 2, 2019, Stephen R. Cooper, counsel for Dr. Willm and Sun Life, sent a letter to Plaintiff's counsel, stating in part that Dr. Willm and Sun Life provided

"public health services pursuant to the Public Health safety Service Act, 42 USC §233 (g) - (n) as amended by the Federal Healthcare Centers of Assistance Act of 1995 (P.L. 104-73) which provides liability protection under the Federal Tort Claims Act (FTCA)." Mr. Cooper stated he planned to forward the Complaint to the Department of Health and Human Services for determination of whether the United States Attorney's Office would defend the suit pursuant to the cited statutes. A copy of that letter is attached hereto, marked as Exhibit 2 and incorporated by reference.

24. Prior to the receipt of Mr. Cooper's letter, Mr. and Mrs. Patel, and therefore their minor daughter, had no knowledge that Dr. Willm and/or Sun Life had any relationship to the United States, nor any knowledge that any health care services provided to Mrs. Patel and K.P. (whether prior to the child's birth, or during labor and delivery, or after the birth) were provided pursuant to any contract or agreement between the United States and Dr. Willm and/or Sun Life, nor did they have any way of acquiring that knowledge prior to the filing of the first lawsuit, in that:

    a. At no time prior to September 11, 2019, did Dr. Willm, or any agent, servant or employee of Sun Life verbally inform Mr. and/or Mrs. Patel that they had any contractual relationship with the United States, that they claimed to be public health service employees, or that health services were being provided to Mrs. Patel and K.P. because of, or pursuant to, the statutes cited in Ex. 2 or any other statutes;

    b. At no time prior to September 11, 2019, did Dr. Willm, or any agent, servant or employee of Sun Life inform Mr. and/or Mrs. Patel in writing that they had any contractual relationship with the United States, that they claimed to be public health service employees, or that health services were being

-6-

      provided to Mrs. Patel and K.P. because of, or pursuant to, the statutes cited in Ex. 2 or any other statutes, and

  c. No information is provided on the Sun Life website giving notice of any relationship between the United States Sun Life and/or any of its physicians, nor that Sun Life claims to be providing health care services to its patients as public health service employees, nor that any claims against Sun Life or its physicians are governed by the FTCA.

  25. Prior to November 5, 2019, Laurence Tinsley, Assistant United States Attorney for the District of Arizona, called Plaintiff's counsel, Samuel K. Cullan, and informed him the District Court did not have jurisdiction of the first lawsuit under the FTCA, and requesting that he voluntarily dismiss that case. A copy of the November 5, 2019, email from Mr. Tinsley to Mr. Cullan confirming that conversation and also providing "the correct address for you to file an SF 95 to initiate the administrative review process for your FTCA case," is attached hereto, marked as Exhibit 3 and incorporated by reference.

  26. On November 6, 2019, Mr. Tinsley again emailed Mr. Cullan, stating: "Any news, please? Did you receive my email from yesterday? Thank you." *Cf.*, Ex. 3.

  27. The contents of the November 5, 2019, email from Mr. Tinsley are an implicit acknowledgment that Sun Life and Dr. Willms were acting in the course and scope of their employment with the United States at the time of the events giving rise to the first lawsuit, and ultimately to the present lawsuit.

  28. 28 U.S.C. §2679(c) required the Attorney General to represent Sun Life and Dr. Willm in the first lawsuit.

  29. 28 U.S.C. §2679(d) required that the United States be substituted as the defendant in the first lawsuit.

30. At no time did Mr. Tinsley or any other Assistant United States Attorney for the District of Arizona enter an appearance in the first lawsuit. A copy of the Docket Sheet for the first lawsuit is attached hereto, marked as Exhibit 4 and incorporated by reference.

31. At no time did Mr. Tinsley or any other Assistant United States Attorney for the District of Arizona file a motion to have the United States substituted as the sole Defendant in the first lawsuit. *Cf.*, Ex. 4.

32. In lieu of defending Sun Life and Dr. Willm in the first lawsuit, substituting the United States as the defendant, and then moving to dismiss for failure to have first filed a claim with the Department of Health and Human services pursuant to 28 U.S.C. §2401(b), the United States Attorney for the District of Arizona, acting through Mr. Tinsley, an Assistant United States Attorney, elected to request that Plaintiffs voluntarily dismiss the first lawsuit, *cf.*, Ex. 3 and Ex. 4.

33. On November 14, 2019, Plaintiffs voluntarily dismissed the first lawsuit without prejudice. A file-stamped copy of that dismissal is attached hereto, marked as Exhibit 5 and incorporated by reference.

34. On December 4, 2019, Plaintiffs' counsel mailed three separate claims, all arising out of the events giving rise to the first lawsuit, to the Department of Health and Human Services. A copy of that letter is attached hereto, marked as Exhibit 6 and incorporated by reference. Note: Inasmuch as the Ex. 6 letter contains the full name of the minor Plaintiff, K.P., her full name has been redacted from the exhibit.

35. The separate claims of K.P., and Mr. and Mrs. Patel, were received by the Department of Health and Human Services on December 9, 2019. A copy of the certified mail return receipt is attached hereto, marked as Exhibit 7 and incorporated by reference.

36. On April 9, 2020, the Department of Health and Human Services mailed a denial of Plaintiffs' claims to Plaintiffs' counsel. A copy of that letter is attached hereto,

-8-

marked as Exhibit 8 and incorporated by reference. Note: Inasmuch as the Ex. 8 letter contains the full name of the minor Plaintiff, K.P., her full name has been redacted from the exhibit.

37. 28 U.S.C. §2679(d)(5) states that if an action in which the United States is substituted as the defendant is dismissed for failure to first present a claim, such a claim will be considered to be timely presented under 28 U.S.C. §2401(b), if: "(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action."

38. This Court has jurisdiction under 28 U.S.C. §2401(b) and 28 U.S.C. §2679(d)(5) because:

    a. The United States, acting through the Office of the United States Attorney for the District of Arizona, deliberately chose not to seek substitution of the United States as a defendant in the first lawsuit, in place of Sun Life and Dr. Willm.

    b. The United States, acting through the Office of the United States Attorney for the District of Arizona, deliberately chose not to seek dismissal of the first lawsuit on the ground that no claim had first been filed with the Department of Health and Human Services, despite knowing such a dismissal in the then-existing circumstance would have been automatic, for all practical purposes.

    c. The United States, acting through the Office of the United States Attorney for the District of Arizona, deliberately chose to ask Plaintiffs to voluntarily dismiss the first lawsuit, on the grounds that (i) the United States was the proper Defendant; (ii) the events giving rise to the first lawsuit fell under the

|   |   |   |
|---|---|---|
| | | Federal Tort Claims Act, which required filing a claim with the Department of Health and Human Services before a suit could be filed; (iii) Plaintiffs had not filed such a claim, and (iv) the District Court therefore had no jurisdiction over the first lawsuit. |
| | d. | The United States, acting through the Office of the United States Attorney for the District of Arizona, as part of its efforts to persuade Plaintiffs to voluntarily dismiss the first lawsuit, instead of the United States seeking such a dismissal in compliance with 28 U.S.C. §2679, provided "the correct address for you [the Patels] to file an SF 95 to initiate the administrative review process for your FTCA case." *Cf.*, Ex. 3. |
| | e. | The deliberate acts of the United States, acting through the Office of the United States Attorney for the District of Arizona, in persuading Plaintiffs to dismiss the first lawsuit because they had not previously filed a claim with the Department of Health and Human Services, and providing an address so they could do so, is the functional equivalent of a 28 U.S.C. §2679(d) dismissal for "failure to first present a claim..." |
| | f. | Inasmuch as the claims of Plaintiffs arise out of the birth of K.P. on September 13, 2019, and the first lawsuit was filed on September 11, 2019—within two years of her birth—a claim by Plaintiffs to the Department of Health and Human Services would have been timely if filed on September 11, 2019. *Cf.*, 28 U.S.C. §2679(d)(5)(A). |
| | g. | The first lawsuit was dismissed on November 14, 2019, *cf.*, Ex. 5, and the claims of all three Plaintiffs were filed with the Department of Health and Human Services on December 9, 2019, *cf.*, Ex. 7—the latter date being less than sixty days after the dismissal of the first lawsuit. |

39. As a direct and proximate result of the above-described negligence of the United States, through its employees Dr. Willm and Sun Life, who were acting in the course and scope of their employment with the United States, K.P. suffered the injuries described in Paragraph 19 above.

**WHEREFORE,** Plaintiff K.P., by and through her father and Next Friend, Piyushkumar Patel, prays for judgment against Defendant The United States of America in an amount that is fair and reasonable in excess of $75,000; for the costs she incurs in this litigation, and for such other or further relief as may be just and proper in the circumstances.

**COUNT II: MEDICAL NEGLIGENCE (Parents' Claim)**

For their Count II claim against Defendant The United States of America, Plaintiffs Piyushkumar Patel and Dipikaben Piyushkumar Patel, in their individual capacities, and by and through their counsel, allege:

40. Mr. and Mrs. Patel incorporate by reference the allegations of Count II of this Complaint.

41. As a direct and proximate result of the above-described negligence of Dr. Willms and Sun Life, while acting in the course and scope of their employment with the United States, K.P. suffered the injuries described in Paragraph 19 of Count I.

42. As a direct and proximate result of the above-described negligence of the United States, through its employees Dr. Willm and Sun Life, who were acting in the course and scope of their employment with the United States, K.P. suffered the injuries described in Paragraph 19 above.

43. The injuries suffered by K.P. are severe, permanent and disabling injuries which have and will substantially interfere with K.P.'s capacity to interact with Mr. and Mrs. Patel in a normally gratifying way.

44. As a direct and proximate result of the above-described negligence of Dr. Willms and Sun Life, while acting in the course and scope of their employment with the United States, Mr. and Mrs. Patel have suffered the following injuries:

45. As a direct and proximate result of the above-described negligence of the United States, through its employees Dr. Willm and Sun Life, who were acting in the course and scope of their employment with the United States, Mr. and Mrs. Patel have suffered the following injuries:

    a. Past and future expenses for healthcare goods and services through K.P.'s age of majority, the nature and extent of which are not presently known;

    b. Loss of K.P.'s services, and

    c. Loss of filial consortium with K.P.

**WHEREFORE**, Plaintiffs Piyushkumar Patel and Dipikaben Piyushkumar Patel pray for judgment against Defendant The United States of America in an amount that is fair and reasonable in an amount in excess of $75,000; for the costs they incur in this litigation, and for such other or further relief as may be just and proper in the circumstances.

DATED this 24th day of September 2020.

By: /s/ Gene M. Cullan
Gene M. Cullan
**CULLAN & CULLAN**
20830 North Tatum Blvd., Suite 360
Phoenix, Arizona   85050-7268
*Attorneys for Plaintiffs*