**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Piyushkumar Patel, et al., | No. CV-20-01864-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is the United States' motion for summary judgment, which is fully briefed. (Docs. 14, 23, 29.) For the following reasons, the United States' motion is granted.[1]

**I. Background**

This case stems from alleged medical malpractice committed by an OB/GYN, Dr. Johnathan Willms, during the birth of K.P. on September 13, 2017. (Doc. 1.) Dr. Willms, during the relevant period, was an employee of Sun Life Family Health Center ("Sun Life"). Sun Life is a federally-funded Community Health Center ("CHC") that receives federal grant funds pursuant to 42 U.S.C. § 254b. The Department of Health and Human Services ("DHHS") approved an application submitted by Sun Life to be deemed a Public Health Service ("PHS") employee for purposes of medical malpractice protections under

---

[1] Plaintiffs' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

42 U.S.C. § 233(a) and (g), such that Sun Life and its qualifying personnel—including Dr. Willms—were deemed PHS employees for § 233 purposes during the relevant period. *See* 42 U.S.C. § 233(g)(1)(A) (following the approval of the application, an entity and certain of its qualifying personnel are deemed to be Public Health Service employees "[f]or purposes of this section").[2]

On September 11, 2019, two days prior to K.P.'s second birthday, Plaintiffs filed a diversity medical negligence suit against Dr. Willms and Sun Life in this district. *Patel et al v. Willms et al*, Case No. 2:19-cv-05139-MHB. Plaintiffs did so without first presenting administrative claims. On October 2, 2019, defense counsel notified Plaintiffs' counsel that they were required to first exhaust their administrative remedies. Specifically, counsel explained that—because Dr. Willms and Sun Life provided public health services and were deemed PHS employees pursuant to § 233—Plaintiffs' claims were subject to the liability protections of the Federal Tort Claims Act ("FTCA"). (Doc. 1-2.) In November of 2019, the United States Attorney's Office contacted Plaintiffs, underscoring the exhaustion requirement. (Doc. 1 at 7; Doc. 1-3.) On November 14, 2019, Plaintiffs voluntarily dismissed the original lawsuit without prejudice. (Doc. 1-4 at 2; Doc. 1-5.)

On December 4, 2019, Plaintiffs filed an administrative claim with DHHS, which DHHS denied on April 9, 2020. (Doc. 1-6; Doc. 1-8.) On September 24, 2020, Plaintiffs filed the instant suit against the United States. (Doc. 1.) On January 4, 2021, the United States filed its motion for summary judgment, asserting that Plaintiffs' action is time-barred because they failed to present an administrative claim with DHHS within two years of September 13, 2017—the accrual date of their claim. The United States' motion is now ripe.

**II. Discussion**

"The Federal Tort Claims Act [] provides that a tort claim against the United States 'shall be forever barred' unless the claimant [presents the claim] to the appropriate federal

---

[2] Sun Life's website plainly and clearly displayed and displays its PHS Employee status for § 233 purposes. However, Plaintiffs do not, in their response to the United States' motion, argue equitable tolling, generally, or dispute that they failed to exercise diligence to discover Sun Life's and Dr. Willm's PHS Employee status, specifically.

agency for administrative review within two years after [the] claim accrues.'" *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). Here, it is undisputed that Plaintiffs did not present their tort claim to the appropriate federal agency within two years following the date of K.P.'s injury. Instead, the parties clash over whether an exception—supplied by the Westfall Act's savings clause, 28 U.S.C. § 2679(d)—applies and excuses Plaintiffs' untimeliness. For the following reasons, the Court concludes that it does not.

First, the Westfall Act's savings clause does not apply. Section 2679 is a broader provision that applies to an "employee of the Government." Sun Life and Dr. Willms are not actual government employees. Instead, they were deemed PHS employees for § 233 purposes, alone. Section 233 does not incorporate § 2679(d)(5) or adopt a similar approach to excusing untimeliness, even though the Westfall Act's savings clause came into being well before § 233's enactment.

Second, even if the Westfall Act's savings clause could apply, here, it does not excuse Plaintiffs' untimeliness. The Court looks to a statute's plain meaning and "must presume that a legislature says in a statute what it means and means in a statute what it says." *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 622-23 (9th Cir. 2005). The Westfall Act's savings clause states,

> **(5)** Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--
>
> **(A)** the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> **(B)** the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). The statute unambiguously states that it applies in instances in which the United States was substituted as a party defendant under the subsection. Here, the United States was not substituted as the party defendant in the original action, let alone

under § 2679. Plaintiffs offer no reasonable interpretation that pushes back against this plain reading of the statute. Instead, they encourage the Court to disregard the statute's plain meaning by excising the substitution condition from the text to achieve what Plaintiffs argue to be the statute's purpose. It is not the Court's role to rewrite statutes to achieve what it believes to be the legislature's objective.

Plaintiffs have advanced no other argument to excuse the untimely filing of their administrative case. The Court therefore finds that Plaintiffs' tort claim against the United States is time-barred because they failed to present the claim to the appropriate federal agency for administrative review within two years after September 13, 2017. Accordingly,

**IT IS ORDERED** that the United States' motion for summary judgment (Doc. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate any remaining deadlines and hearings, enter judgment in favor of the United States, and terminate this case.

Dated this 15th day of June, 2021.

Douglas L. Rayes
United States District Judge